

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 312 853 2936
RHOCHMAN@SIDLEY.COM

April 8, 2025

**VIA ECF FILING**

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

Re: *Pritchard v. Blue Cross Blue Shield of Illinois*, No. 23-4331

Dear Ms. Dwyer,

Pursuant to FRAP 28(j), BCBSIL submits this Court's decision in *Roe v. Critchfield*, No. 23-2807 (Mar. 20, 2025) (Ex. A).

The decision upholds an Idaho Law (S.B. 1100) that requires a public-school student to use only the multi-occupancy restrooms and changing facilities that correspond to the student's natal sex, regardless of transgender status. Plaintiffs argued, *inter alia*, that S.B. 1100 violates Title IX because the requirement discriminates "on the basis of sex." 20 U.S.C. § 1681(a). Ultimately, the Court did not resolve the parties' differences over how to construe the word "sex" because the statute failed to provide the "adequate notice" to the defendant that is required for liability under Spending Clause legislation. Ex. A at 27.

The decision held that "Title IX does not 'so clearly' prohibit designating intimate spaces by biology" for Idaho to have made "an informed choice" to forgo its right to maintain facilities segregated by natal sex in exchange for federal funds. *Id.* at 28-29. Rather, "from the time of the enactment of Title IX and its implementing regulations, the scheme has authorized schools to maintain sex-segregated facilities." *Id.* at 30. Importantly, the decision affirmed that the requirement that funding conditions be "clear" applies to claims for purely prospective relief. *Id.* at 31.

BCBSIL similarly lacked the required "clear notice" that its TPA activities would be subject to Section 1557. *Id.* at 33; *see* Gray Br. 21-23. On the face of the statute, Section 1557's obligations apply only to discrete "programs or activities" receiving federal funds, not to activities of the broader entity (like TPA operations) that receive no federal funds. Blue Br. 47-

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

56; Gray Br. 14-20. Likewise, "from the time of the enactment of [Section 1557] and its implementing regulations," those regulations have exempted TPAs that did not design the plan. Ex. A at 30; *see* Blue Br. 33-41. "BCBSIL was never on notice that, by accepting federal funding, it exposed its TPA activities to Section 1557 liability." Gray Br. 23; *see also* ECF 40. On that basis alone, the decision below should be reversed, with summary judgment entered for BCBSIL.

                                                                  Respectfully submitted,

                                                                   */s/ Robert N. Hochman*
                                                                   Robert N. Hochman
                                                                  *Counsel for Blue Cross Blue Shield of Illinois*