

SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, D.C. 20005
+1 202 736 8000
+1 202 736 8711 FAX

+1 202-736-8739
KAKOWUAH@SIDLEY.COM

AMERICA • ASIA PACIFIC • EUROPE

September 15, 2025

**VIA ECF FILING**

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

  Re: *Pritchard v. Blue Cross Blue Shield of Illinois*, No. 23-4331

Dear Ms. Dwyer,

  I write pursuant to Rule 28(j) to submit the Eleventh Circuit's *en banc* decision in *Lange v. Houston County*, 2025 WL 2602633 (Sept. 9, 2025) (Ex. A).

  Like this case, *Lange* arises from an employer's decision to exclude coverage for certain gender-affirming care from an employer-provided health plan. The plan at issue there excluded "drugs for sex change surgery and services and supplies for a sex change and/or the reversal of a sex change." *Id.* at *1 (cleaned up). In *Lange*, the plaintiff sued the employer (rather than, as here, the administering health plan), claiming that this coverage exclusion constituted disparate treatment on the basis of sex in violation of Title VII. The Eleventh Circuit disagreed, "conclud[ing] that the [employer's] plan does not facially discriminate based on transgender status." *Id.* at *5.

  The Eleventh Circuit's reasoning relied significantly on the Supreme Court's decision in *United States v. Skrmetti*, 145 S. Ct. 1816 (2025). It explained that "[l]ike the law at issue in *Skrmetti*, the [employer's] policy is a 'classification based on medical use.'" *Lange*, 2025 WL 2602633, at *5. And it concluded it was bound to follow *Skrmetti*'s explanation of how Title VII analysis applies, *i.e.*, that "[u]nder the reasoning of *Bostock*, neither [the plaintiff's] sex *nor his transgender status* is the but-for cause of his inability to obtain" coverage when an exclusion is defined by medical diagnosis. *Id.* (quoting *Skrmetti*, 145 S. Ct. at 1834).

  *Lange*'s reading of *Skrmetti* is fully consistent with the interpretation offered in our supplemental brief. *See* Dkt. 90.1 at 2 ("*Skrmetti* controls here because this case equally turns on medical diagnosis and medical use, not sex."; "[T]his same reasoning holds true for civil rights statutes like Section 1557 that prohibit adverse decisions of which 'sex is the but for cause.'").

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

Likewise, *Lange* rejects the reading urged by plaintiffs-appellees. *See* Dkt. 91.1 at 4 (contending that *Skrmetti*'s reasoning "does not apply in the statutory context").

*Lange* thus provides further ground for the Court to conclude (if it reaches the question) that the coverage exclusions at issue here do not violate Section 1557.

                                                     Respectfully submitted,

                                                     */s/ Kwaku A. Akowuah*
                                                     Kwaku A. Akowuah
                                                     *Counsel for Defendant-Appellant Blue Cross Blue Shield of Illinois*