

Omar Gonzalez-Pagan
Senior Counsel and Health Care Strategist
Email: ogonzalez-pagan@lambdalegal.org

September 29, 2025

**Via ACMS Filing**

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

      Re:   *Pritchard v. Blue Cross Blue Shield of Illinois*, No. 23-4331
            *Notice of Supplemental Authority Pursuant to Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6*

Dear Ms. Dwyer,

Plaintiffs respectfully submit the amended order by the Fourth Circuit in *Doe by Doe v. South Carolina*, No. 25-1787, 2025 WL 2375386 (4th Cir. Aug. 15, 2025) (**Exhibit A**), and the decision of the U.S. District Court for the Western District of Washington in *L.B. v. Premera Blue Cross*, No. 23-cv-00953-TSZ, 2025 WL 2326966 (W.D. Wash. Aug. 12, 2025) (**Exhibit B**).

In *Doe*, the Fourth Circuit reiterated that a policy violates a transgender person's rights under Title IX when it discriminates against them "on the basis of sex" in a manner that causes legally cognizable harms. 2025 WL 2375386, at *8 n.11. And as Chief Judge Díaz observed, "*Skrmetti* said nothing whatsoever to cause doubt as to the vitality of *Grimm*'s Title IX holding." *Id.* at *10 (Díaz, C.J.,





Notice of Supplemental Authority
in *Pritchard v. BCBSIL*, No. 23-4331
September 29, 2025

Page **2** of **3**

concurring). *Skrmetti* says nothing about the applicability of *Bostock*'s central holding that "discrimination based on … transgender status necessarily entails discrimination based on sex," *Bostock v. Clayton Cnty.*, 590 U.S. 644, 669 (2020), in the Section 1557 context. *See Doe v. Snyder*, 28 F.4th 103, 114 (9th Cir. 2022); Dkt. 91.1 at 3-5.

In *L.B.*, which also involves a discriminatory exclusion for gender-affirming medical care, the district court found that "*Skrmetti* involve[d] a <u>fundamentally different type of claim than the ACA § 1557 claim</u> raised in this case." 2025 WL 2326966, at *2 (emphasis added). The district court observed that "[i]n *Skrmetti*, the Supreme Court acknowledged that, just as some gender-specific terms might be permissible, certain gender-neutral wording might 'mask discrimination that is unlawful.'" *Id.* (quoting *Skrmetti*, 145 S.Ct. at 1829). The court found that, like BCBSIL here, "Premera does what is expressly prohibited by ACA § 1557, *i.e.*, 'it regulates a class of <u>persons</u> identified on the basis of a specified characteristic,' namely sex." *L.B.*, 2025 WL 2326966, at *2 (quoting *Skrmetti*, 145 S.Ct. at 1834 n.3); *see also* Dkt. 42.1, at 2-3 (exclusions facially classify based on transgender status); Dkt. 91.1, at 22-23 (same).



Notice of Supplemental Authority
in *Pritchard v. BCBSIL*, No. 23-4331
September 29, 2025

Page **3** of **3**

These decisions provide further support that the discriminatory exclusions at issue in this case unlawfully discriminate based on sex in violation of Section 1557.

Respectfully submitted,

 /s/ *Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan

*Counsel for Plaintiffs-Appellees*

cc:    All counsel of record via ACMS